IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CURTIS RAY DISON SR., | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-CV-691-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Curtis Ray Dison Sr., TDCJ-ID #1560322, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

On March 5, 2009, a jury found petitioner guilty on one count of indecency with a child younger than 17 years of age, petitioner pleaded true to three repeat-offender paragraphs in the indictment, and the trial court assessed his punishment at 45 years' confinement.[1] (01SHR at 27, 29[2]) The indictment alleged that petitioner,

> on or about the 11th day of October 2007, did then and there, with the intent to arouse or gratify the sexual desire of said defendant, engage in sexual contact by touching the female sexual organ of [M.J.D.], a child younger than 17 years and not the spouse of the defendant.

(*Id.*)

In affirming the trial court's judgment of conviction by the jury, the Eleventh Court of Appeals of Texas summarized the testimony at trial as follows:

> M.D. is M.J.D.'s mother. In 2007, M.D., M.J.D., and M.D.'s three other children lived in a house in Tarrant County. M.D.'s husband, T.D., died in 2003. T.D. was appellant's brother. In August 2007, appellant moved into M.D.'s house and lived with her and her children. M.D.'s bedroom was upstairs. M.J.D. shared an upstairs bedroom with her younger sister. Appellant slept in the living room at night.
>
> On October 10, 2007, M.J.D. took a bath at about 6:00 p.m. and then went to bed at about 8:00 p.m. M.J.D.'s younger sister was in bed with her. M.D. said that she and appellant were playing cards downstairs when M.J.D. went to bed. At about midnight, M.D. went to bed. When she went to bed, appellant was sitting in a recliner and watching television in the upstairs den. M.D. testified that she woke up at about 3:00 a.m. She went to check on M.J.D. and her sister in their bedroom. M.D. said that the closet door was open in M.J.D.'s room and that the closet light

---

[1] The trial court's judgment erroneously reflects petitioner's sentence was imposed by the jury. The trial court assessed petitioner's punishment following a sentencing hearing. (RR, vol. 6, at 82-83)

[2] "01SHR" refers to the state court record of petitioner's state habeas application no. WR-77,170-01; "02SHR" refers to the state court record of his state habeas application no. WR-77,170-02.

was on. M.D. testified that M.J.D. was "[o]n her stomach, at the foot of the bed, with her panties and pajama bottoms down." M.D. said that appellant was leaning over M.J.D. with his left hand on the bed. She said that "[h]is shorts and his boxers were pulled down and he had his penis in his right hand." M.D. also said that appellant's penis was erect. M.D. started screaming at appellant and hitting him. She asked him, "[W]hy?" Appellant responded, "I'm sorry." M.D. pulled up M.J.D., pulled up her clothes, and made sure that she was okay. M.D. told appellant that he had thirty minutes to get out of the house. M.D. left the house with her children and called 911. M.D. parked her car on the side of a street. Police officers responded to the scene. As M.D. was talking to the police, appellant drove by in his Suburban. M.D. pointed out appellant's vehicle to the officers, and they stopped him.

M.J.D. testified that appellant was her uncle. M.J.D. said that appellant came into her room, uncovered her, and then pulled her down to the bottom of the bed. M.J.D. was lying facedown in the bed. She said that appellant pulled down her shorts and panties and then rubbed her "butt" with his knuckles. M.J.D. testified that appellant did not do anything else to her before her mother came into the room and started screaming. The prosecutor showed M.J.D. some anatomically correct dolls and questioned her about them. The record shows that M.J.D. referred to her sexual organ as her "cake." The prosecutor asked M.J.D. whether appellant touched her "cake." M.J.D. responded, "No." She also said that she did not remember him doing anything with his fingers. The prosecutor then asked M.J.D. to use the female doll to show what appellant had done to her. While using the doll, M.J.D. testified that appellant rubbed her "butt" with his knuckles, licked his finger, and then touched her "cake" with his finger.

Carrie Paschall, a child forensic interviewer with the Tarrant County District Attorney's Office Crimes Against Children Unit, testified that she interviewed M.J.D. on October 11, 2007. Paschall testified as the outcry witness. M.J.D. told Paschall that appellant pulled her down to the end of the bed, turned her over, pulled her pajama pants and underwear down, "put spit on his two fingers," and then touched her "cake." Paschall said that M.J.D. identified her "cake" as her vaginal area. Paschall also said that M.J.D. used a doll to demonstrate that appellant put one of his fingers inside her vagina.

Donna Wright, a pediatric nurse practitioner at Cook Children's Medical Center in Fort Worth, testified that she performed a sexual assault examination on M.J.D. on October 11, 2007. M.J.D. told Wright that "[appellant] put spit on his two fingers and rubbed it on [her] cake."

Constance Patton, a senior forensic biologist and DNA technical leader for the Tarrant County Medical Examiner's Office Crime Laboratory in Fort Worth, testified that she compared DNA samples that were taken from M.J.D.'s panties with

3

samples that were taken from M.J.D. and appellant. Patton testified that she tested five areas of the panties. She said that she obtained DNA mixture profiles in four of the areas. She said that neither appellant nor M.J.D. could be excluded as possible contributors to the mixtures. Patton explained that "with regards to [test area, 1], it [was] expected that at least 99.999 percent of unrelated individuals in the Caucasian, African-American and Southwestern Hispanic populations would be excluded as possible contributors to this panty mixture." Patton further explained, "What that means is from that remaining .001 percent, both [M.J.D.] and [appellant were] included as a possible contributor." Patton testified that she did not know whether the DNA in the panties came from saliva or skin cells.

(*Id.* at 35-37)

The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. *Curtis v. State*, PDR No. 1318-11. Petitioner then filed a postconviction state habeas application, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court. (02SHR at cover) This federal petition followed.

### D. ISSUES

Generally, petitioner brings the following grounds for habeas relief:

(1) Insufficient evidence;
(2) Ineffective assistance of counsel;
(3) Biased jury or grand jury; and
(4) Trial court error.

(Pet. at 5-7 & Attachs.)

### E. RULE 5 STATEMENT

Respondent asserts petitioner's ineffective assistance claims under his second ground are unexhausted, as required by 28 U.S.C. § 2254(b)(1), and barred by the procedural default doctrine. (Resp't Ans. at 3, 8-11)

F. DISCUSSION

*Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, it is an adjudication on the merits, which is entitled to this presumption of

correctness. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

In this case, the state habeas court entered findings of fact, and the Texas Court of Criminal Appeals adopted those findings and denied habeas relief without written order. (02SHR at cover, 56-60) Petitioner presents no clear and convincing evidence in rebuttal, thus the findings are presumed correct and deferred to by the court in addressing petitioner's claims below.

### *1. Insufficient Evidence*

Petitioner claims the evidence was factually insufficient to prove he touched M.J.D.'s sexual organ, given the victim's contradictory testimony and the lack of physical evidence. (Pet. at 6 & Attach.) The state court of appeals, applying the legal sufficiency standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319 (1979), and relevant state case law and statutory provisions, addressed this claim as follows:

> Appellant argues that the evidence is insufficient to show that he engaged in sexual contact with M.J.D. To support his argument, appellant relies on what he considers to be "inconsistent and contradictory" testimony by M.J.D. as to whether he touched her "cake." As stated above, M.J.D. initially said that appellant did not touch her "cake" but later said that he touched her "cake" with his finger. Based on M.J.D.'s inconsistent testimony, appellant contends that the evidence is insufficient to support a finding of guilty of indecency by contact.
>
> The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. As such, the jury was entitled to resolve any conflicts in M.J.D.'s testimony against appellant and to conclude that any inconsistencies in her testimony were inconsequential. The testimony of a child victim alone is sufficient to support a conviction for indecency with a child. M.J.D. testified that appellant touched her "cake." Paschall's and Wright's testimony corroborated M.J.D.'s testimony. M.J.D. told Paschall that appellant touched her "cake." M.J.D. told Wright that appellant rubbed her "cake." Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the essential elements of the offense beyond

a reasonable doubt. Therefore, the evidence is sufficient to support appellant's conviction.

(01SHR at 35-38) (citations omitted)

The Supreme Court has clarified that–

> *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'"

*Coleman v. Johnson*, — U.S. —, 132 S. Ct. 2060, 2062 (2012) (citations omitted). *See also Cavazos v. Smith*, 565 U.S. —, 132 S. Ct. 2, 4 (2011); *Parker v. Matthews*, — U.S. —, 132 S. Ct. 2148, 2152 (2012).

Having reviewed the record in full and assuming the jury believed and resolved any inconsistencies in the witnesses' testimony in favor of the verdict, a rational jury could have found beyond a reasonable doubt each element of the charged offense. The state courts' application of *Jackson* was not objectively unreasonable.

*2. Ineffective Assistance of Counsel*

Petitioner claims he received ineffective assistance of counsel on appeal because counsel failed to perfect an appeal and to raise the issue "that the jurors stated that they wouldn't require the state to prove each and every element of the offense charged beyond a reasonable doubt and still return a verdict of guilty." (Pet. at 6 & Attach.) Petitioner also claims a conflict of interest existed

7

"because the appeal attorneys insisted on filing false information . . . even after he informed them of the situation and asked that it be corrected." (Pet. at 6 & Attach.)

Respondent contends these claims are unexhausted and procedurally barred. Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012).

Although petitioner raised an ineffective-assistance claim against appellate counsel in his state habeas application, the specific claims he now raises were not. Thus, to the extent petitioner's claims were not raised in the state courts and/or exceed the scope of the claims presented in the state courts, the claims are unexhausted. Under the Texas abuse-of-the-writ doctrine, however, petitioner cannot now return to state court for purposes of exhausting the claims. *Id.*, art. 11.07, § 4. The

abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, petitioner's ineffective-assistance claims, raised for the first time in this federal petition, are procedurally barred from this court's review. *Smith v. Johnson,* 216 F.3d 521, 523-24 (5th Cir. 2000).

### 3. Jury (or Grand Jury) Bias

Petitioner claims the jurors were partial and showed favoritism toward the victim because they were "of a different ethnical background than himself" and "when asked by the prosecutor during jury selection if they would place the burden on the state to have to prove each and every element of the offense charged beyond a reasonable doubt before returning a guilty verdict, they answered 'no.'" (Pet. at 7 & Attach.) The state habeas court recommended denial of these claims because petitioner presented no legal or evidentiary basis to support the claims and because, as a matter of state law, the claims should have been, but were not, raised on direct appeal. (02SHR at 59, 63-64)

Assuming the claim was properly exhausted, the state courts' adjudication of the claim is neither contrary to, or an unreasonable application of, Supreme Court precedent. Bald assertions are insufficient to state a constitutional claim. *Ross v. Estelle,* 694 F.2d 1008, 1011-12 (5th Cir. 1983) (mere conclusory allegations are insufficient to raise constitutional claims on federal habeas review).

### 4. Trial Court Error

Lastly, petitioner claims the trial court erred by allowing Carrie Paschall, the child forensic interviewer, to bolster the credibility of the victim by testifying and explaining why a "so-called" child victim might change her statement or lie while on the stand. (Pet. at 7) Relying solely on state

state case law and evidentiary rules, the state court of appeals addressed this issue as follows:

> [A]ppellant contends that the trial court committed reversible error by allowing the State's expert witness, Paschall, to improperly bolster M.J.D.'s credibility by allowing Paschall to explain why a witness might give inconsistent testimony. Over appellant's objections, the trial court allowed Paschall to explain the concept of a rolling disclosure to the jury. Paschall testified that "[r]olling disclosure is used to describe how some kids disclose what happened to them." She said that children often "start off by telling a very little piece of what happened so that they can kind of feel out the surroundings, how people are going to react, are they being believed, are they in trouble, [or] did they do something wrong." Paschall said that, "as they gain reassurance and support and feel safe and comfortable, they start to disclose more of the details of what happened to them." Paschall characterized this process as a rolling disclosure pattern.
>
> Appellant contends that Paschall's "rolling disclosure" testimony was analogous to offering expert opinion testimony that M.J.D. was truthful in her testimony and that, therefore, Paschall's testimony improperly bolstered M.J.D.'s credibility. Appellant also contends that Paschall's "rolling disclosure" testimony was irrelevant and that, even if it was relevant, its probative value was substantially outweighed by the danger of unfair prejudice.
>
> A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. Expert testimony that a particular witness is truthful is inadmissible under Tex. R. Evid. 702. Therefore, an expert witness may not offer a direct opinion on the truthfulness of a child complainant's allegations. Nor may an expert offer an opinion that the class of persons to which the complainant belongs, such as child sexual abuse victims, is truthful or worthy of belief. However, testimony from an expert witness about behaviors commonly exhibited by children suffering sexual abuse can be relevant and admissible under Rule 702. Such testimony is not objectionable on the ground that it bolsters the credibility of the child complainant
>
> Paschall did not offer a direct opinion that M.J.D. was truthful or that she belonged to a class of persons that was truthful or worthy of belief. Instead, Paschall testified about behavioral characteristics of child sexual abuse victims. We note that appellant does not challenge Paschall's qualifications as an expert to give such testimony or the reliability of the testimony. Paschall's testimony was relevant to assessing M.J.D.'s behavior and testimony and to determining the ultimate issue of whether appellant was guilty of the offense of indecency with a child.
>
> Relevant evidence may be excluded under Rule 403 of the Rules of Evidence if "its probative value is substantially outweighed by the danger of unfair prejudice." Rule 403 favors admission of relevant evidence and carries a presumption that

> relevant evidence will be more probative than prejudicial. Evidence is unfairly prejudicial when it has an undue tendency to suggest an improper basis for reaching a decision. In evaluating a trial court's determination under Rule 403, a reviewing court is to reverse the trial court's judgment "rarely and only after a clear abuse of discretion." Paschall testified about behavioral characteristics of child sexual abuse victims. She explained the concept of a rolling disclosure pattern. Her testimony was not unfairly prejudicial; it did not suggest an improper basis for reaching a decision. The trial court did not abuse its discretion by admitting her testimony.

(01SHR at 39-41) (citations omitted)

A state court's evidentiary ruling presents no basis for habeas relief unless the ruling runs afoul of a specific constitutional right or renders the trial fundamentally unfair. *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999). Petitioner neither alleges nor demonstrates admission of the testimony violated a specific constitutional right, and, for the reasons stated by the court of appeals, he cannot show admission of the testimony rendered his trial fundamentally unfair.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for writ of habeas corpus be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until _June 3_, 2013. In order to be specific, an objection must

11

identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until June 3, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 13, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE