IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CURTIS RAY DISON SR., | § |
| | § |
| VS. | §   CIVIL ACTION NO.4:12-CV-691-Y |
| | § |
| RICK THALER, | § |
| Director, T.D.C.J. | § |
| Correctional Institutions Div. | § |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Curtis Ray Dison Sr. under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on May 13, 2013; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on May 24, 2013.[1]

Petitioner Dison asserts the following grounds for relief:

(1) Insufficient evidence;

(2) He received ineffective assistance of counsel on appeal in that appellate counsel failed to:

  (A) perfect his appeal by not properly explaining his case and stating that oral argument was not necessary,

  (B) raise or argue the issue that jurors stated that they wouldn't require the state to prove each and every element of the offense charged beyond a reasonable doubt and still return a verdict of guilty, and

  (C) having a conflict of interest because the appeal attorneys insisted on filing false information on his behalf even after he informed them of the situation and asked that it be corrected;

---

[1] On May 24, 2013, petitioner Dison filed a document entitled "Response" to the magistrate judge's report, along with another document entitled "In Support of Petitioner's Response." The Court construes these two documents respectively as Dison's written objections and brief in support thereof.

    (3) He was denied the right to an impartial jury and/or gand jury because

        (A) some of the jury members were of a different ethical background than he, and

        (B) when asked by the prosecutor during jury selection if they would place the burden on the state to have to prove each and every element of the offense charged beyond a reasonable doubt before returning a verdict of guilty, they answered "No"; and

    (4) The trial court erred in allowing an expert witness, the child forensic interviewer, to bolster the credibility of the victim. (§ 2254 Petition at ¶ 20(A-D), attachment pages 1-3.)

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, that grounds one, three (A-B), and four must be denied, and that grounds two (A-C), claiming he received ineffective assistance of counsel, must be dismissed with prejudice as procedurally barred from this Court's review, for the reasons stated in the magistrate judge's findings and conclusions.[2]

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED as modified.

Petitioner Dison's grounds for relief one, three (A-B), and four in the petition for writ of habeas corpus are DENIED, and grounds two (A-C) are DISMISSED WITH PREJUDICE.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is

---

[2] Although the magistrate judge found that Dison's ineffective assistance claims, ground two(A-C), should be denied, as the claims were determined to be procedurally barred from this Court's review, they should be dismissed with prejudice.

2

issued under 28 U.S.C. § 2253.[3] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[4] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[5] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[6]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Dison has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the May 13, 2013 Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[7]

Therefore, a certificate of appealability should not issue.

SIGNED May 30, 2013.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[3] *See* Fed. R. App. P. 22(b).

[4] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[5] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[6] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

[7] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).